# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| Edna Moore, | ) |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| v. | ) **CIVIL ACTION NO.** |
| Dynamic Recovery Services, Inc., a corporation, and Joyce Ward, an individual, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), negligent training and supervision and willful, wanton and reckless training and supervision by the Defendants, and invasions of the Plaintiff's right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. The Plaintiff, Edna Moore, is a natural person who resides in the City of Hoover, County of Jefferson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Dynamic Recovery Services, Inc., (hereinafter "Defendant DRS" or "DRS") is a collection agency operating from an address of 4101 McEwen Road, Suite 150, Farmers Branch, Texas 75244. Dynamic Recovery Services, Inc. may be served with process through its registered agent for service of process, CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104. In all respects and at all times relevant herein, Dynamic Recovery Services, Inc. was doing business in the State of Alabama. Dynamic Recovery Services, Inc. is engaged in the business of collecting consumer debts from consumers residing in Alabama and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Joyce Ward (hereinafter "Defendant Ward" or "Ward") is a natural person employed by Defendant Dynamic Recovery Services, Inc. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiff will specifically amend her complaint if and when the Defendant identified as Joyce Ward provides different information to her if the Defendant's name, Joyce Ward, is incorrect.

## FACTUAL ALLEGATIONS

7. On or about April 25, 2012, the Plaintiff began to receive collection calls from the Defendants. Defendant Ward called the Plaintiff and threatened to take the Plaintiff's home if she did not pay a settlement amount of $10,000 on an alleged debt. Defendant Ward told the Plaintiff that she knew that the Plaintiff had an open account with Wells Fargo and Bank of America and suggested the Plaintiff use these accounts to pay the settlement amount.  Scared and panicked that she would lose her home, the Plaintiff then called Bank of America and authorized a payment of $10,000 to Defendant DRS. Approximately three or four business days later, the Defendants called the Plaintiff stating that they had not yet received the settlement payment and that she now would have to pay the full amount plus interest for a total amount of $15,000. The Plaintiff then contacted her daughter, Krystal Thomas, and told her about the phone calls she had received from the Defendants. Ms. Thomas immediately contacted Bank of America to place a stop on the $10,000 payment to Defendant DRS. Although Bank of America had already begun to process the payment, they told Ms. Thomas that they would be able to stop it. Ms. Thomas then called Defendant Ward who called the Plaintiff, including her in the conference call, and asked the Plaintiff for permission to discuss the alleged debt with the Plaintiff's daughter during that call. Defendant Ward stated to the Plaintiff that a lawsuit had been filed and a judgment had been entered so she

3

would have to pay the alleged debt. Ms. Thomas asked for information concerning the lawsuit, including the address at which the Plaintiff had been served. Defendant Ward stated that she did not have that information but that the Plaintiff would have to pay the alleged debt. Defendant Ward also stated that since the Defendants had not received the prior settlement amount, they would not be able to settle and the Plaintiff would have to pay the entire balance. The Plaintiff and Ms. Thomas continued to talk to Defendant Ward and she began to get angry and raise her voice, at which time Ms. Thomas asked to speak to her supervisor. Defendant Ward stated that she had no supervisor and her manager was not there. After asking again for Defendant Ward's supervisor, the Plaintiff and Ms. Thomas spoke to a male employee of Defendant DRS. The Plaintiff and Ms. Thomas told both Defendant Ward and the male employee that they wanted to consult an attorney prior to making any payment but Defendant Ward and the male employee continued to tell them there was nothing a lawyer could do at this point. Ms. Thomas then stated that no payment would be made until they had investigated the alleged debt further with an attorney and then hung up.

8. On or about May 1, 2012, Defendant Ward called Ms. Thomas at her home number and the Defendants continued to call Ms. Thomas at home. On or about May 9, 2012, the Defendants called Ms. Thomas at home approximately five to six times. She returned the calls to Defendant Ward who threatened that the Plaintiff needed

to pay the alleged debt and tried to convince Ms. Thomas that an attorney could do nothing to help the Plaintiff. In an effort to stop the Defendants' harassing calls, Ms. Thomas told Defendant Ward not to contact her again and ended the call. The Defendants ignored Ms. Thomas and called her again three times that same day. The following day, Defendants called the Plaintiff approximately five times prior to 10 a.m. stating that Ms. Thomas had yelled and screamed at Defendant Ward and that the Plaintiff needed to call the Defendants that day and provide the name and telephone number of her attorney or the Defendants would take further action.

9. The Defendants continued to call and harass the Plaintiff, calling multiple times a day threatening that they needed to speak to the Plaintiff's attorney by 3 p.m. to prevent further action. On or about May 9, 2012, the Defendants called the Plaintiff approximately five times prior to 8 a.m.

10. The Plaintiff cares for her infant grandchild in her home and the multiple daily harassing calls from the Defendants disturbed both the Plaintiff and her grandchild.

11. The conduct of Defendants Dynamic Recovery Services, Inc. and Joyce Ward in harassing Plaintiff Edna Moore in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692b(1), 1692b(2), 1692b(3), 1692c(a)(3). 1692e, 1692e(4) and 1692e(5) amongst others.

*Summary*

12. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiff's home, and to her daughter.

**TRIAL BY JURY**

13. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692 et seq.**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

16. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. §1692(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692(a)(3) from each and every Defendant herein.

## COUNT II.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

19. The Defendants knew or should have known that said conduct was improper.

20. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

21. The Defendants negligently, recklessly and wantonly failed to train and supervises debt collectors on the FDCPA as it related to communications with consumers.

22. The Defendants' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

23. As a result of the Defendants' negligence, recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## COUNT III.

## INVASION OF THE RIGHT OF PRIVACY

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

26. The Defendants knew or should have known that said conduct was improper.

27. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

28. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications and consumers.

29. The Defendants' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

30. As a result of the Defendants' negligence, recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(a)(3) against each and every Defendant and for the Plaintiff;

### COUNT II.

### NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISON

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of the FDCPA violations and the negligent, reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiff; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## INVASION OF THE RIGHT OF PRIVACY

6. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiff; and

7. for such and other further relief as may be just and proper.


          **s/ Bradford W. Botes**
          Bradford W. Botes
          Attorney for Plaintiff

**OF COUNSEL:**
BOND, BOTES, REESE, SHINN, P.C.
600 University Park Place, Suite 510
Birmingham, Alabama 35209
Telephone: (205) 802-2200
Facsimile: (205) 802-2209
Email: bbotes@bondnbotes.com

          **s/ Ronald C. Sykstus**
          Ronald C. Sykstus
          Attorney for Plaintiff

**OF COUNSEL:**
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
Telephone: (256) 539-9899
Direct Voice: (256) 713-0221
Facsimile: (256) 539-9895
Email: rsykstus@bondnbotes.com

                                          **s/ Penny Hays Cauley**
                                          Penny Hays Cauley
                                          Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, South Carolina 29501
Telephone: (843) 665-1717
Facsimile: (843) 665-1718
Email: phc917@hayscauley.com

11